IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ |
| Plaintiff, | | |
| vs. | | |
| JOHN ROSENBAUM, | | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendant. | | **(Non-Jury)** |

Plaintiff, Markel American Insurance Company ("Markel"), by and through its undersigned attorneys, seeking this Court's Declaratory Judgment states as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, Section 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties under a contract of marine insurance.

2. Venue lies within the Charlotte Division of the Western District of North Carolina as this cause arises out of a Policy of marine insurance delivered by Plaintiff to the insured named therein, the Defendant John Rosenbaum, 20338 Norman Colony Road, Cornelius, North Carolina for a 1987 27' Mirage Watercraft, bearing HIN MIJ27011F788 docked at Lake Norman.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff Markel American Insurance Company is a corporation organized and existing under the laws of the State of Illinois, with its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

5. Upon information and belief, the Defendant John Rosenbaum ("Rosenbaum") is a United States citizen and a resident of the State of North Carolina.

**FACTUAL ALLEGATIONS**

6. On or about July 7, 2005, Markel, in exchange for good and valuable consideration issued to Rosenbaum a Policy of marine insurance affording Watercraft and Equipment ACV coverage in the amount of $15,000.00 for the 1987 27' Mirage Watercraft, bearing HIN MIJ27011F788 (the "Vessel"), which was owned by Rosenbaum.

7. A true and correct copy of the Declarations Page and Policy language for Plaintiff's Policy No. RD2005607 (the "Policy") is attached hereto as Exhibit "A."

8. On or about November 28, 2005, while the Policy was in full force and effect, the Vessel, which was insured under the terms of Plaintiff's Policy of marine insurance, was damaged on the navigable waters of the United States, on Lake Norman in Mecklenburg County, North Carolina.

9. Upon receiving notice of the occurrence of the incident of November 28, 2005, the Plaintiff caused an investigation to be conducted into the facts and circumstances surrounding the incident.

10. As a result of the investigation, Plaintiff has established that at the time of the incident the Vessel was docked at Holiday Harbor Marina outside of Plaintiff's lake front residence on 20338 Norman Colony Road, Cornelius, North Carolina.

2

Case 3:07-cv-00149-RJC-DCK    Document 1    Filed 04/02/07    Page 2 of 6

11. As a result of the investigation, Plaintiff determined that the Vessel became submerged in the waters of Lake Norman, while docked at the Holiday Harbor Marina.

12. As a result of the investigation, Plaintiff determined that at all times pertinent to this action, the Vessel was docked at the Holiday Harbor Marina in fair weather.

13. As a result of the submersion, the Vessel suffered property damage.

14. Rosenbaum has made demand upon Plaintiff for payment of the costs associated with repairing the Vessel insured under the terms of the Policy.

## FIRST CAUSE OF ACTION

15. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

16. The Policy states, in pertinent part:

**III. WATERCRAFT AND EQUIPMENT**
**What We Insure**
**…We will pay losses for sudden and accidental loss to the property insured…**

**Exclusions**
**We will not pay for loss, damage or expenses caused:**
**A.    By wear and tear, gradual deterioration, marine life, aquatic mammals, inherent vice, vermin, marring, denting, scratching, chipping, electrolysis, corrosion, rust, dampness of atmosphere, weathering, dry rot, unseaworthiness or damage due to strain of high speed;**
**B.    By mechanical or electrical breakdown or overheating unless such damage is the result of other loss covered by this policy.**

**Duties Following Any Loss**
**B.  Damage to Property Loss**
**A person presenting a claim for damage to Property must also:**
**1.    Protect the property from further loss. Make every effort to recover it. All reasonable costs incurred in protecting the Property will be applied against the limit of liability of Watercraft and Equipment as shown on the Declarations Page. Any further loss incurred due to Your failure to protect the Property will not be recoverable under this policy.**

17. As stated herein, at the time of the incident the Vessel was docked at the Holiday Harbor Marina outside of Rosenbaum's lakefront residence.

18. Upon information and belief, and after investigation, Rosenbaum received notice that the Vessel was taking on water at approximately 11.00 a.m. on November 28, 2005.

19. After investigation, Plaintiff determined that the most likely reason the Vessel began taking on water was from gradual flooding, resulting from gradual wear and tear on the Vessel, through various points of entry on the Vessel, including, but not limited to, the port trim actuator line, the speedo line, and the cable penetration point.

20. After investigation, Plaintiff was unable to document any sudden accidental event that caused the Vessel to begin taking on water.

21. Because the Vessel sank while docked in fair weather, as alleged hereinabove, Plaintiff is entitled to a presumption that the Vessel is unseaworthy. *Watson v. Providence Washington Ins. Co.*, 106 F. Supp. 244 (E.D.N.C. 1952).

22. Upon further information and belief, and after investigation, Rosenbaum took no corrective action to prevent the boat from sinking further until approximately 1:30 p.m. on November 28, 2005, by which time the Vessel was submerged in the water.

23. Notwithstanding the above-referenced language in the Policy, and the fact that the Policy clearly and unambiguously provides no coverage for the incident of November 28, 2005, Defendant has continued to make demand upon Plaintiff, and has threatened legal action against Plaintiff, for payment of repairs allegedly necessitated by damage sustained by the Vessel.

24. As a result of the Defendants' demands under the terms of the Policy attached hereto, notwithstanding that such demands and any claims associated therewith would not be covered under the clear and unambiguous terms of the Policy, Plaintiff has sustained actual

prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. RD 2005607. Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said Policy.

25. As a result of the Defendant's demands under the terms of the Policy of marine insurance attached hereto, and as a result of the Defendant's aforesaid demands for indemnification despite the Policy terms described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's declaratory judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment from the Court:

1. Declaring that the Plaintiff has no liability under Policy No. RD 2005607 to the Defendant named herein with respect to the incident of November 28, 2005;

2. Declaring that Plaintiff's Policy No. RD 2005607 does not afford coverage to Defendant named herein with respect to the incident of November 28, 2005;

3. Declaring that Plaintiff's Policy No. RD 2005607 excludes coverage to Defendant named herein with respect to the incident of November 28, 2005;

4. Any and all such other and further relief as the Court may deem just and proper.

April 2, 2007

s/Alexandre N. MacClenahan
Alexandre N. MacClenahan, NC Bar # 28652
Attorney for Plaintiff
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue, Suite 500
Greenville, South Carolina 29601
864-242-6440/FAX 864-240-2475

5

E-mail: amacclenahan@lwtm.com